# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| TOM WEBB, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-092 |
| JOSE MORALES; PENNY HAAS FREESEMAN; CLINT C. MALCOM, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Tom Webb has filed a form 42 U.S.C. § 1983 complaint challenging state convictions for sexual battery and aggravated assault. Doc. 1 at 5. He seeks an "immediate order to the Attorney General [of Georgia] or the [state court] judge to release [him]." *Id.* at 6. Upon preliminary review,[1] his complaint must be **DISMISSED**.

Webb alleges that during a state habeas hearing, Chatham County, Georgia Superior Court Judge Penny Freeseman "had went over my

---

[1] Webb proceeds *in forma pauperis* (doc. 4), so the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii) to determine whether he has stated a plausible claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief).

transcript, and seen that I was innocen[t] because (1)" his victim perjured herself in a hospital examination report; (2) there was no DNA evidence; and (3) the victim suffered no injuries. *Id.* at 5. He says his "sentence was suppose[d] to have been vacated," and that Judge Freesemann thus is depriving him of due process, as well as abusing an unspecified discretion. *Id.* Webb asks "for a federal judge under 26 U.S.C. 7402[2] [to] issue a[n] immediate [release] order to" Georgia's Attorney General. *Id.* at 6 (footnote added).[3]

"[P]risoners in state custody," however, "cannot use a § 1983 action to challenge 'the fact or duration of [their] confinement." *Wilkinson v. Dotson*, 544 U.S. 74, 77 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Because Webb seeks his release from state prison where he's being held on state convictions, "his sole federal remedy is a writ of habeas corpus." *Preiser*, 411 U.S. at 500.

While state detainees may seek habeas relief under 28 U.S.C. § 2254 (and occasionally § 2241), *all* habeas petitioners must first exhaust

---

[2] This provision, a section of the Internal Revenue Code, has no relevance to anything in this case.

[3] He also seeks utterly meaningless and uncognizable relief like "remov[al] from illegal restraint under the code 1501 of your Georgia court rules and procedures," doc. 1 at 6, and "a three judge ruling under 28 U.S.C. § 2284. The Court addresses only the relief sought that makes any sense: release from prison.

state court remedies. *Wilkinson*, 544 U.S. at 79 ("[H]abeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not."); *Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (exhaustion requirement codified in § 2254(b) applies to all habeas corpus actions, including § 2241 petitions); *Thomas v. Crosby*, 372 F.3d 782, 786 (11th Cir. 2004) (Tjoflat, J., concurring). If Webb wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Any such petition, however, would be subject to immediate dismissal for failure to exhaust available state remedies.

As there is no chance that Webb could correct his complaint's deficiencies if afforded an opportunity to re-plead his case,[4] this case should be **DISMISSED** as frivolous and recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, it is time for Webb to pay his filing fee. His furnished account information shows that he has had no funds in his jail account during the past six months. Doc. 4. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b) (1) (requiring an initial fee assessment

---

[4] *See Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (*pro se* IFP litigant should be afforded an opportunity to amend his complaint where it would not be futile to do so).

3

"when funds exist," under a specific 20 percent formula). His custodian (or designee) therefore shall set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this R&R to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this __12th__ day of November, 2015.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA